IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRIS CYGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-00223-CV-RK |
| CUSTOM TRUCK & EQUIPMENT, LLC, | ) ) ) |
| Defendant. | ) |

## PROTECTIVE ORDER

Plaintiff Chris Cygan ("Plaintiff") and Defendant CTOS, LLC[1] ("Defendant") (collectively "Parties") have conferred and agree that during that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. Inasmuch, the Parties agree that certain categories of such information should be treated confidential, protected from disclosure outside this litigation, and used only for purposes of this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because the facts of this case depend, at least in part, on sensitive personal information, of both Plaintiff and Defendant's current and/or former employees who are not individual parties to this matter. Additionally, the parties anticipate that sensitive, non-public, and proprietary information and documents of Defendant may be exchanged through discovery. The parties desire to avoid the dissemination of the above-referenced information outside of this lawsuit and, further, to avoid a dispute over the production of such information.

---

[1] Defendant denies that the named Defendant as written is proper and that such exists. Defendant answers on behalf of CTOS, LLC.

For good cause shown under Fed. R. Civ. P. 26(c), the Court **GRANTS** the parties' joint request for a Protective Order and hereby enters the following Protective Order:

1. **Scope**. All materials produced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Classified Information as defined below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL," by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets and intellectual property (including related rights, grants, agreements, and negotiations); (c) research, technical, commercial, proprietary, or financial information that the party has maintained as confidential Classified Information; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) Defendant's policies and procedures and employee-only communications, including employment and personnel policies and internal communications made only to Defendant's employees. Information or documents that are available to the public may not be designated as Classified Information.

3. **Designation.**

    **Documents**: A party may designate a document as Confidential Information for protection under this Order by placing or affixing the word

2

"CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. Each page shall be stamped by the producing party with an identifying "bates" number. "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions containing the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean the document has any status or protection by statute or otherwise except for the purposes of this Order.

b. **Deposition Testimony**: A party may designate deposition testimony as Classified Information by advising opposing counsel in writing within thirty days after receipt of the deposition transcript, or at such other time mutually agreed upon by the parties, of the pages and lines of the deposition that the designating party requires to be treated as confidential. All deposition transcripts shall be treated as Classified Information until the expiration of thirty days after receipt of the deposition transcript, unless otherwise agreed to by the parties in writing or on the record at the deposition. Any party may, on the record at the deposition, designate deposition testimony as Classified Information by advising all persons present that the party believes that portion of the deposition in question falls under the scope of this Order.

4. **Protection of Classified Material.**

   a. **General Protections**. Classified Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal.

   b. **Limited Disclosure**. The parties and their counsel shall not disclose or permit the disclosure of a document marked "FOR COUNSEL ONLY," or "ATTORNEYS EYES ONLY" to any person except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review "FOR COUNSEL ONLY," or "ATTORNEYS EYES ONLY" documents:

   1) retained counsel for the parties in this litigation and their respective staff;

   2) independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice of all counsel;

3) this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation, including any MAP mediator.

c. **Limited Third-Party Disclosures**. The parties and their counsel shall not disclose or permit the disclosure of any Classified Information to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Classified Information:

1) Counsel for the parties and employees of counsel;

2) The parties to this litigation, including any employees, agents, and representatives of the parties;

3) The Court and Court personnel,;

4) Court reporters, recorders, and videographers engaged for depositions;

5) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

6) Consultants, investigators, or experts employed by the parties or parties' counsel to assist in the preparation and trial of this action but only after the consultant or expert completed the certification contained in Attachment A;

7) Potential, anticipated, or actual fact witnesses from whom testimony is reasonably expected to be taken and their counsel, but only to the

extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Classified Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

9) Mediator appointed by the Court or jointly selected by the parties;

10) If applicable, insurance carriers of Defendant and all agents, adjusters, officials, officers, and managerial employees thereof; and

11) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as "CONFIDENTIAL," "FOR COUNSEL ONLY," or "ATTORNEYS EYES ONLY." Counsel for the parties must maintain a record of the original forms signed by those persons acknowledging their obligations under this Order.

5. **Inadvertent Failure to Designate**. Inadvertent failure to designate any document or material as "CONFIDENTIAL," "FOR COUNSEL ONLY," or "ATTORNEYS

EYES ONLY" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure.

6. **Rule 502(d) Inadvertent Production of Documents.** Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal doctrine protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving party, in writing, of such inadvertent production. To the extent any party receives any document that it either (a) reasonably believes may be privileged or (b) is notified by the producing party is privileged ("Inadvertently Produced Document"), then all copies of the Inadvertently Produced Document shall be returned to the producing party, all notes shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of an Inadvertently Produced Document during the deposition or trial, nor shall it be disclosed to anyone who was not given access to it prior to the request to return or destroy it, unless the parties agree otherwise or the Court orders that the Inadvertently Produced Document is not protected.

7. **Filing of Classified Information**. In the event a party seeks to file a document containing Classified Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate, submitting the document for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file

the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.

9. **<u>Challenges to Classified Designation</u>**. The designation of any material or document as "CONFIDENTIAL" is subject to challenge by any party. Before filing any motion or contacting the Court regarding an objection to a confidential designation, the objecting party must comply with Local Rule 37.1. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as confidential under the terms of this Order.

10. **<u>Use of Classified Documents or Information at Trial</u>**. Nothing in this Order shall affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates another party may present Classified Information at a hearing or trial shall bring the issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Classified Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **<u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation.</u>**

    a. If a receiving party is served with a subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as Classified Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

8

b.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Classified Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Classified Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Classified Information by the other party to this case.

13. **Obligations at Conclusion of Litigation.**

    a.  **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.  **Return of Classified Documents**. Upon written notice by the producing party and within 60 days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing Classified Information, including copies, shall be returned to the producing

party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) the document bears notations, summations, or other mental impressions of the receiving party. Further, Counsel acknowledge their obligations under Rule 4-1.22 of the Missouri Rules of Professional Conduct regarding file retention.

    c.    **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Classified Information so long as that work product does not duplicate verbatim substantial portions of Classified Information. Any retained Classified Information shall continue to be protected under this Order.

14.    **Production of Electronically Stored Information.** The Parties agree to produce electronically stored information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or form. The Parties expressly agree that the Parties may produce electronically stored information in PDF.

15.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

16.    **No Prior Judicial Determination**. This Order is entered based on the parties' representations and agreements and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination that any document or material designated Classified Information by counsel or the parties is entitled to protection under Rule

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound by Protective Order**. This Order takes effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. **Applicability to Parties Later Joined**. If additional parties join this lawsuit, they must not be given access to Classified Information unless they execute and file with the Court their written agreement to be bound by this Order.

19. **Jurisdiction**. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 23, 2022