IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRIS CYGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-00223-CV-RK |
| | ) |
| CUSTOM TRUCK & EQUIPMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion for leave to file Second Amended Complaint. (Doc. 22.) Defendant opposes the motion. (Doc. 24.) For the reasons below, the motion is **GRANTED.**

### Legal Standard

A district court should freely give leave to a party to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a). However, the Court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The burden of proof of prejudice is on the party opposing amendment." *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987). District courts denying leave to amend have been found to have abused their discretion where the proposed amendments were based on facts similar to those comprising the original complaint. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (citing *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998)). "The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party." *Id.* (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 694 (8th Cir. 1981)).

### Discussion

Plaintiff seeks leave to amend his complaint to "correct Defendant's name from 'Custom Truck One Source, LLC' to the abbreviation 'CTOS, LLC,' while still keeping the 'a/k/a Custom Truck & Equipment, LLC.'" (Doc. 22 at 1.) Defendant opposes the motion, indicating that although it does not oppose a complete substitution of the currently named entity for "CTOS,

LLC," "[t]he as-known-as abbreviation is not only inaccurate and a misnomer for the proper named Defendant, but it also muddles these proceedings and needlessly increases the costs of litigation." (Doc. 24 at 1-2.)

The Court finds none of the *Forman* concerns appear to be present in the instant motion. The Court also finds Defendant's conclusory argument without citation to authority fails to fulfill its burden to prove undue prejudice. The Plaintiff is the master of his complaint, and the interests of justice weigh in favor of the Court granting Plaintiff's request for leave to amend.

Accordingly, and after careful consideration, Plaintiff's motion for leave to file Second Amended Complaint is **GRANTED.** Plaintiff shall file his Second Amended Complaint on or before July 8, 2022.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 6, 2022

2

Case 4:22-cv-00223-RK   Document 28   Filed 07/06/22   Page 2 of 2